**IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PEACE OF MIND HOME HEALTH CARE, INC. a/k/a PEACE OF MIND, INC. | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO.15- |
| vs. | )<br>) |
| GODADDY.COM, L.L.C. and GODADDY OPERATING COMPANY L.L.C. | )<br>)<br>) |
| Defendants. | ) |

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND VIOLATION OF THE
LANHAM ACT**

Plaintiff Peace Of Mind Home Health Care, Inc. ("POM, Inc."), by its attorneys, files this Complaint against defendants, alleging as follows:

### JURISDICTION AND VENUE

1. This action arises under the Lanham Trademark Act 15 U.S.C. § § 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. § § 1338(a) and (b).

2. Venue in this district is proper under 28 U.S.C. § 1391(b).

### PARTIES

3. Plaintiff is a corporation with its principal place of business in Boston, Jamaica Plain, Massachusetts and does business under the tradenames PEACE OF MIND, PEACE OF

MIND HOMECARE, PEACE OF MIND HOME HEALTHCARE and PEACE OF MIND, INC. (hereinafter "the PEACE OF MIND Marks").

    4.    Plaintiff is the owner of:

        (a)    United States Trademark Registration No. 3,859,940 for the mark PEACE OF MIND.

        (b)    United States Trademark Registration No. 3,029,738 for the mark PEACE OF MIND and design.

hereinafter collectively referred to as the Registered Marks.

    5.    Defendants, GoDaddy.com, L.L.C. and GoDaddy Operating Company L.L.C. ("GoDaddy") are corporations with a principal office address at 14455 N. Hayden Road, Suite 226, Scottsdale, Arizona 85260 doing business generally in this District and specifically in this District promoting and selling infringing domain names and its services for maintaining infringing domain names. Said defendant is the "Registrar" that issued and controls the use of the infringing domain name, www.peace-of-mind-inc.com. Godaddy intentionally registers domain names that are confusingly similar to plaintiff's marks for the purpose of profiting and exploiting web surfers' confusion by selling advertising for those confusingly similar websites.

    6.    Said defendant GoDaddy also hosts and maintains the infringing website www.peace-of-mind-inc.com on GoDaddy's servers such that the infringing website and domain name are published worldwide.

BACKGROUND OF THE ACTION

    7.    Since at least about 1994 to the present, Plaintiff is and has been engaged in supplying healthcare, homecare and other healthcare related services as set forth in the aforesaid registrations to the elderly, infirm, disabled and sick. During this entire period, Plaintiff has

continuously and extensively used its PEACE OF MIND marks both in word and logo format in connection with the sale, advertising, promotion and provision of its aforesaid services.

8.  At one or more times during this same period of time from 2004 to the present, Plaintiff has continuously, consistently and at great expense used the PEACE OF MIND marks and the Registered Marks in advertising and promotional materials, on letterhead, in newspapers, display banners posted at trade shows, on flyers and brochures, on tags and labels applied to goods, in magazine advertisements and on POM, Inc.'s website.

9.  At one or more times during this same period of time from 2004 to the present, Plaintiff has invested hundreds of thousands of dollars in the design, development, advertising and promotion of its PEACE OF MIND brand name as a source of high quality, new and innovative services.  Plaintiff annually realizes substantial revenues from the sale and provision of its PEACE OF MIND brand services.  The success of Plaintiff's sales of PEACE OF MIND brand services has steadily increased from year to year.  In the present year, 2011, Plaintiff will have provided PEACE OF MIND brand services at a value of over $4,000,000.

10. Plaintiff's PEACE OF MIND brand services have achieved and will continue to achieve wide renown among healthcare providers and prospective healthcare receivers including senior citizens, the elderly, disabled, sick and infirm.  The PEACE OF MIND Marks and the Registered marks have been used in interstate commerce on and for the purpose of identifying, among other things, Plaintiff as the source of such services and the quality of services that Plaintiff provides.

11. As a result of the foregoing, Plaintiff's PEACE OF MIND brand marks are famous and the PEACE OF MIND marks have developed and now possess secondary and

distinctive meaning to consumers and users of Plaintiff's services advertised and provided under the PEACE OF MIND Marks and the Registered Marks.

### DEFENDANTS' UNLAWFUL CONDUCT

12. On information and belief, Godaddy's customer who owns the infringing website has adopted and is using the name/designations PEACE OF MIND alone or in conjunction with other words in promotion and/or advertising of identical or nearly identical services that compete directly with Plaintiff's services and marks in the identical customer base or market to which Defendants' services are advertised, promoted, sold or provided. On information and belief, GoDaddy's customer is presently using Plaintiff's PEACE OF MIND marks and Registered Marks on and in connection with websites created and operated by said Provider-Defendants, in verbal answering of their listed business phones, on letterhead and in print advertising and promotional materials.

13. On information and belief the defendants GoDaddy are actively assisting its customer in operating, hosting, maintaining and enabling the use of the above-stated infringing domain name and website that advertise and promote their health care services.

14. Further, on information and belief, GoDaddy's customer intends to expand its use of the name PEACE OF MIND to use on labels, tags, packaging, advertising, letterhead, on business cards, on signage, on their websites and in verbal answering of telephone inquiries in connection with their identical or nearly services.

15. On information and belief, GoDaddy's customer has received misdirected communications and inquiries from prospective customers of Plaintiff's services who have been confused into believing that GoDaddy's customer or their services are or originate with Plaintiff.

16. Prior to adopting and using the term PEACE OF MIND, the Defendants had actual knowledge of Plaintiff's PEACE OF MIND Marks and Registered Marks and Plaintiff's prior usage of the PEACE OF MIND Marks and Registered Marks.

17. The aforesaid acts by GoDaddy and its customer are causing and are likely to continue causing the purchasing public to believe that GoDaddy's customer is/are Plaintiff or is/are somehow connected or affiliated with Plaintiff, or that GoDaddy's customer's services are authorized, sponsored or approved by Plaintiff such that GoDaddy's customer's services are subject to the same high quality standards as Plaintiff's services despite the fact that this is not true.

18. The aforesaid unlawful and willful adoption and use of the PEACE OF MIND Marks and Registered Marks by Defendants constitute an infringement of Plaintiff's servicemarks and a false designation of the source of origin of GoDaddy's customer's services and falsely describes and represents such services. The use, publication and maintenance by the defendants of the Plaintiff's PEACE OF MIND Marks and Registered Marks on, in or in connection with the offending websites also constitutes an attempt to palm off and appropriate to Defendants' customer Plaintiff's exclusive rights in the PEACE OF MIND Marks and Registered Marks. Such acts will cause dilution of Plaintiff's marks.

19. Upon information and belief, the defendants have and will continue to engage in such unauthorized activities in this State, in North Carolina and elsewhere in interstate commerce and are likely to continue such activities, to the great injury of Plaintiff.

20. Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

FIRST CAUSE OF ACTION

(Registered Trademark Infringement 15 U.S.C Sec. 1114(a))

21.     Plaintiff repeats and realleges each allegation set forth in paragraphs 1-24 above.

22.     Defendants' aforesaid conduct constitutes willful infringement of Plaintiff's Registered Marks in violation of 15 U.S.C. 1114(a).  Plaintiff is suffering and will continue to suffer great harm and monetary damage in an amount as yet undetermined but believed to be in excess of $2,000,000 for the upcoming year, unless and until Defendants are enjoined from continuing to engage in their unlawful conduct.

SECOND CAUSE OF ACTION

(Violation of the Lanham Act, 15 U.S.C Sec. 1125(a))

23.     Plaintiff repeats and realleges each allegation set forth in paragraphs 1-26 above.

24.     Defendants' aforesaid conduct constitutes willful infringement of Plaintiff's PEACE OF MIND Marks and Registered Marks in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).  Plaintiff is suffering and will continue to suffer great harm and monetary damage in an amount as yet undetermined but believed to be in excess of $2,000,000 for the upcoming year, unless and until Defendants are enjoined from continuing to engage in their unlawful conduct.

THIRD CAUSE OF ACTION

(Common Law Trade Mark Infringement and Unfair Competition)

25.     Plaintiff repeats and realleges each allegation set forth in paragraphs 1-28 above.

26.     Defendants' aforesaid conduct constitutes a willful infringement of Plaintiff's common law trademark rights in the PEACE OF MIND Marks and the Registered Marks and a violation of the Federal and State Common Law of Unfair Competition.  Plaintiff is suffering and

will continue to suffer great harm and monetary damage in an amount as yet undetermined but believed to be in excess of $2,000,000 for the upcoming year, unless and until Defendants are enjoined from continuing to engage in their unlawful conduct.

## FOURTH CAUSE OF ACTION

(Trademark Dilution under M.G.L.A. Ch. 110H § 13)

27. Plaintiff repeats and realleges each allegation set forth in paragraphs 1-30 above.

28. Defendants' aforesaid unlawful conduct is diluting and will continue to dilute the strength, distinctiveness and secondary meaning in and of Plaintiff's PEACE OF MIND Marks and the Registered Marks.  Such dilution constitutes a violation of M.G.L.A. Ch. 110H Section 13, which provides injunctive relief notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.  Plaintiff is suffering and will continue to suffer great harm and monetary damage in an amount as yet undetermined but believed to be in excess of $2,000,000 for the upcoming year, unless and until Defendants are enjoined from continuing to engage in their unlawful conduct.

## FIFTH CAUSE OF ACTION

(Trademark Dilution under the common law)

29. Plaintiff repeats and realleges each allegation set forth in paragraphs 1-31 above.

30. Defendants' aforesaid unlawful conduct is diluting and will continue to dilute the strength, distinctiveness and secondary meaning in and of Plaintiff's PEACE OF MIND Marks and the Registered Marks.  Such dilution constitutes a violation of the common law of the United States and of the Commonwealth of Massachusetts.  Plaintiff is suffering and will continue to suffer great harm and monetary damage in an amount as yet undetermined but believed to be in

excess of $2,000,000 for the upcoming year, unless and until Defendants are enjoined from continuing to engage in their unlawful conduct.

## SIXTH CAUSE OF ACTION

(Unfair and Deceptive Trade Practices, M.G.L. Chapter 93A)

31. Plaintiff repeats and realleges each allegation set forth in paragraphs 1-34 above.

32. Defendants' aforesaid unlawful conduct is and has been committed primarily and substantially within the Commonwealth of Massachusetts. Defendants are persons within the scope of Sections 2, 9 and 11 of M.G.L. Chapter 93A. Defendants' aforesaid unlawful conduct constitutes a willful unfair and deceptive trade practice in violation of M.G.L. Chapter 93A, Sections 2, 9 and 11. Plaintiff is suffering and will continue to suffer great harm and monetary damage in an amount as yet undetermined but believed to be in excess of $2,000,000 for the upcoming year, unless and until Defendants are enjoined from continuing to engage in their unlawful conduct.

## **REQUEST FOR JURY TRIAL**

Plaintiff requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff. seeks relief against Defendants and all those in active concert and privity with Defendant, as follows:

1. That Defendant and all those in active concert and privity with Defendant (individually and collectively), their partners, agents, servants, employees, officers, attorneys, successors and assigns, be temporarily and preliminarily enjoined in this and all other judicial districts in the United States, during the course of this litigation and permanently from:

      (a)    providing, advertising, publishing, promoting, offering for sale or holding for sale any product or service in association or connection with the PEACE OF MIND Marks or any colorable variation or imitation thereof;

      (b)    representing to any member of the public that any service or product that is advertised, sold  distributed, leased, rented, repaired, managed or held for sale by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

      2.    That this Court enter a preliminary and permanent injunction incorporating the terms of the Proposed order of Preliminary Injunction accompanying Plaintiff's Motion for Preliminary Injunction that includes, among other things, an order that orders the Defendants to discontinue use of the PEACE OF MIND Marks or Registered Marks in any manner including use as a domain name, on the display or content of any website and/or in metatags or metadata.

      3.    That this Court order the Defendants to deliver up to the Court and/or to Plaintiff all written, electronic data and printed materials bearing the Marks or any colorable imitation or variation thereof for destruction.

      4.    That Defendants pay to Plaintiff damages in an amount to be determined and a doubling and/or trebling thereof.

      5.    That Plaintiff be awarded its costs, attorneys fees and such other and further relief as the Court deems just and proper.

Dated: November 5, 2015

Respectfully submitted,
PEACE OF MIND HOME HEALTH CARE, INC.
By Its Attorneys


/s/ M. Lawrence Oliverio\_\_\_\_
M. Lawrence Oliverio, BBO #378755
Novak Druce Connolly Bove + Quigg LLP
Suite 2101, 100 Cambridge Street
Boston, MA  02114
617-367-4600
617-367-4656
lawrence.oliverio@novakdruce.com
Counsel for Plaintiff